Mr. John Rice Arkansas Gazette P.O. Box 1847 Fayetteville, AR 72702
Dear Mr. Rice:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA") under the authority granted in A.C.A. 25-19-105(c)(3)(B). Specifically, you wish to know if a letter authorized by University of Arkansas Head Basketball Coach Nolan Richardson is subject to public disclosure.
All parties agree that the record in question is a "public record" as defined by A.C.A. 25-19-103. The custodian of the record has determined that the letter is a personnel record that is exempt from public inspection on the basis that the release of the information would be a clearly unwarranted invasion of personal privacy.
After reviewing the record, it is my opinion that portions of the record should be made available for public release. It is further my opinion that those portions of the letter concerning the amounts and sources of income not funded or administered by the University are exempt from public inspection and should be excised prior to the letter's release.
While records revealing the amount of compensation a public employee received from a governmental source is [are] discoverable under the FOIA, there is no requirement that an employee make similar disclosures regarding non-governmental sources of income. To do so here would result in the release of an intimate detail of Coach Richardson's personal life; such information falls within that protected by the invasion of privacy provision of the FOIA. This conclusion is consistent with previous opinions wherein it is concluded that information concerning a public employee's personal finances qualifies for protection under the invasion of privacy provision of the FOIA. See Attorney General Opinion No. 87-442.
To address the letter specifically: Section 1 of the letter is discoverable; Sections 2 and 3 are exempt. Section 4 is exempt with the exception of the first line of the first paragraph and the final paragraph of the Section; Sections 5 and 6 are discoverable with the exception of the final two sentences of the final paragraph of Section 6.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
. . . . NOTE: Opinion 87-442 referred to above is in the system in the AG/87 file.